UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

RICO MANUEL RIVERA,

    Plaintiff,

vs.                                                COMPLAINT

QUALITY REMOVAL, INC., a Florida profit corporation, and GIOVANNY GARCIA, an individual,

    Defendants.

_____/

## COMPLAINT

COMES NOW Plaintiff RICO MANUEL RIVERA ("Plaintiff"), who was an employee of Defendants QUALITY REMOVAL, INC., a Florida profit corporation, and GIOVANNY GARCIA, an individual (together, "Defendants"), and files this Complaint for unpaid minimum wages, unpaid overtime wages, liquidated damages, retaliation and other relief under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.*

### I.    JURISDICTION AND VENUE

1. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because Defendants transact business in this District; because all wages were earned and due to be paid in this District; because Defendants' operations are situated in this District; and because most, if not all, of the operational decisions were made in this District.

2. This Court has original jurisdiction over Plaintiff's federal question claims.

1

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

## II.     PARTIES

3. Plaintiff RICO MANUEL RIVERA ("Plaintiff") is over 18 years old and was a *sui juris* resident of Miami-Dade County, Florida, at all times material. He was an hourly, non-exempt employee of Defendants, as the term "employee" is defined by 29 U.S.C. § 203(e).

4. Defendant QUALITY REMOVAL, INC. ("QUALITY REMOVAL") is a Florida profit corporation that owns and operates Quality Removal, the company at which Plaintiff was employed, at 1801 Southwest First Street, Suite 209, Miami, Florida.

5. Defendant GIOVANNY GARCIA ("GARCIA"), an individual and *sui juris*, is the president and owner of QUALITY REMOVAL. GARCIA acted directly and indirectly in the interest of QUALITY REMOVAL and had the power to direct employees' actions.  GARCIA had management responsibilities, degree of control over the corporation's financial affairs and compensation practices, and was in a position to exert substantial authority over corporate policy relating to employee wages and whether to compensate (or not to compensate) employees at QUALITY REMOVAL in accordance with the FLSA, making Defendant GIOVANNY GARCIA an employer pursuant to 29 USC § 203(d).

## III.     COVERAGE

6. During all material times, Defendant Quality Removal, Inc. was an enterprise covered by the FLSA and as defined by 29 U.S.C. § 203(r) and 203 (s), in that it was engaged in commerce or in the production of goods for commerce within the meaning of § 29 U.S.C. 203(s)(1) of the Act, in that the enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

7. During all material times, Defendants were employers as defined by 29 U.S.C. § 203(d).

8. During all material times, Defendants had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

## IV.   FACTUAL ALLEGATIONS

9. Defendants own and operate Quality Removal, at which Plaintiff was employed, in Miami-Dade County. Quality Removal specializes in the removal of dead bodies.

10. This action is brought pursuant to the FLSA for unpaid minimum wages, unpaid overtime wages, liquidated damages, retaliation, and other relief.

11. Plaintiff was a non-exempt hourly employee who worked for Defendants removing dead bodies during the period from August, 2015 to April 18, 2016, approximately.

12. During this period of approximately thirty-eight (38) weeks, Plaintiff estimates he worked a total of Four Hundred Fifty-six (456) overtime hours for which he was not paid at the overtime wage rate.

13. Throughout Plaintiff's employment, he was paid $100 for a 12-hour work day, regardless of whether the hours worked were overtime hours or minimum wage hours.

14. In addition, Plaintiff was often force to work individual dead body removal jobs on his days off for $20 each body, although each job took approximately three hours of work time.

15. In addition, Defendants have refused to pay Plaintiff his last paycheck.

16. Plaintiff was never paid one-and-a-half times his regular wage for hours worked in excess of forty per week.

17. Defendants forced Plaintiff to pay for items stolen from Defendants' property, causing Plaintiff's wages to fall below the minimum and overtime wage rate, free and clear.

3

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

18. Defendants forced Plaintiff to pay for damage to the dead body removal van, causing Plaintiff's wages to fall below the minimum and overtime wage rate, free and clear.

19. Defendants willfully engaged in practices that denied Plaintiff the applicable overtime wage under the FLSA.

20. Plaintiff twice complained to Garcia and spoke to other employees that Garcia was breaking the law by not paying Plaintiff one-and-a-half times his regular wage for hours worked over forty per week.

21. On April 18, 2106, Garcia fired Plaintiff in retaliation for seeking his correct wages under the FLSA.

22. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

## COUNT I
## FAILURE TO PAY MINIMUM WAGE IN
## VIOLATION OF THE FLSA, 29 U.S.C. § 201, *et seq*

23. Plaintiff reincorporates and re-alleges paragraphs 1 through 22 as though set forth fully herein and further alleges as follows:

24. Defendants willfully and intentionally did not pay Plaintiff for all hours suffered or permitted by forcing them to work off the clock.

25. Defendants willfully and intentionally forced Plaintiff to pay for impermissible business expenses, including stolen items and damage to the body removal van, with his own wages.

26. By forcing Plaintiff to pay for impermissible business expenses, and for not paying an hourly wage for all hours worked, Defendants owe Plaintiff the full minimum wage for each hour worked and not paid up to forty hours in a week.

4

27. As a direct and proximate result of forcing Plaintiff to pay for impermissible business expenses, and for not paying an hourly wage for all hours worked, Plaintiff has been damaged for one or more weeks of work with Defendants.

WHEREFORE, Plaintiff RICO MANUEL RIVERA demands judgment in his favor and against Defendants, jointly and severally, as follows:

   a) Award to Plaintiff for payment of all hours worked as servers up to forty per week at the full minimum wage for which Defendants paid Plaintiff below the minimum wage, free and clear, or paid no wage at all;

   b) Award to Plaintiff of liquidated damages equal to the payment of all hours worked up to forty per week at the full minimum wage, free and clear, owed under the FLSA or, if liquidated damages are not awarded, then prejudgment interest;

   c) Award to Plaintiff of reasonable attorneys' fees and costs; and

   d) Award such other and further relief as this Court may deem just and proper.

## COUNT II
## FAILURE TO PAY OVERTIME WAGE IN
## VIOLATION OF THE FLSA, 29 U.S.C. § 201, *et seq*

28. Plaintiff reincorporates and re-alleges paragraphs 1 through 22 as though set forth fully herein and further alleges as follows:

29. Defendants willfully and intentionally failed to pay Plaintiff one-and-a-half times his regular wage for hours worked over forty per week.

30. As a direct and proximate result of Defendants' willful and intentional failure to pay Plaintiff one-and-a-half times his regular wage for all hours worked over forty per week, Plaintiff has been damaged for one or more weeks of work with Defendants.

5

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

WHEREFORE, Plaintiff RICO MANUEL RIVERA demands judgment in his favor and against Defendants, jointly and severally, as follows:

a) Award to Plaintiff for payment of all overtime hours worked at one and one-half times the regular rate of pay;

b) Award to Plaintiff liquidated damages equal to the payment for all overtime hours owed under the FLSA or, if liquidated damages are not awarded, then prejudgment interest;

c) Award to Plaintiff of reasonable attorneys' fees and costs; and

d) Award such other and further relief as this Court may deem just and proper.

## COUNT III
## RETALIATION IN VIOLATION OF 29 U.S.C. § 215(A)(3)

24. Plaintiff reincorporates and re-alleges paragraphs 1 through 22 as though set forth fully herein and further alleges as follows:

25. Plaintiff complained directly to Garcia and spoke to fellow employees that Plaintiff was not being paid overtime wages for overtime hours, in violation of the law.

26. Garcia then directly stated to Plaintiff that he should call his lawyer and that he was fired.

27. Garcia never received his lawful overtime wages throughout the remainder of his employment and was terminated on or about April 18, 2016.

28. Defendants' motivating factor for terminating Plaintiff was Plaintiff's complaint for his lawful overtime wages.

29. The actual termination of Plaintiff's employment was in direct violation of 29 U.S.C. 215(A)(3) and, as a result, Plaintiff has been damaged.

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

WHEREFORE, Plaintiff RICO MANUEL RIVERA demands judgment in his favor and against Defendants, jointly and severally, as follows:

a) Award to Plaintiff of lost wages and liquidated damages equal to the lost wages;

b) Award to Plaintiff of front pay;

c) Award to Plaintiff of compensatory damages for emotional distress, humiliation, and pain and suffering;

d) Award to Plaintiff of punitive damages;

e) Award to Plaintiff of reasonable attorneys' fees and costs;

f) Award of pre-judgment interest; and

g) Any other relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues so triable.

Respectfully submitted this 28th day of April, 2016.

          By: **s/Robert W. Brock II**
              Robert W. Brock II, Esq.
              Florida Bar No. 75320
              robert@kuvinlaw.com
              legal@kuvinlaw.com
              *Law Office of Lowell J. Kuvin*
              17 East Flagler Street, Suite 223
              Miami, Florida 33131
              Tel.: 305.358.6800
              Fax: 305.358.6808
              *Attorney for Plaintiff*

7

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on **April 28, 2016**, I electronically filed the foregoing document via CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified in the attached Service in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF, or in some other manner for those counsel or parties who are not authorized to receive electronic Notices of Electronic Filing.

By: **s/Robert W. Brock II**
Florida Bar No. 75320
*Attorney for Plaintiff*

**RIVERA v. QUALITY REMOVAL, INC. & GARCIA
CASE NO.:**

8

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808